| | | |
|---|---|---|
| DAVID VAN LOO and | ) | |
| RUTHIE VAN LOO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV1444SNLJ |
| | ) | |
| GENERAL ELECTRIC CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On or about June 14, 2010 Missouri plaintiffs filed this product liability action in state court asserting various claims under Missouri law against the only named defendant - General Electric Co., a citizen of New York and Connecticut.   On or about August 6, 2010 defendant General Electric Co. removed this cause of action to federal court on the basis of diversity jurisdiction.  On August 18, 2010 the plaintiffs filed a motion to amend/correct complaint [6] and a motion to remand this cause of action to the Circuit Court for the City of St. Louis [8]. Plaintiffs sought to add a non-diverse defendant, Herb Gordon Appliance Co. and then have the case remanded to state court for lack of diversity jurisdiction.  On August 19, 2010 this Court inadvertently allowed the plaintiffs to file their amended complaint adding non-diverse defendant Herb Gordon Appliance Co. (as well as their motion to remand) prior to the expiration of defendant General Electric Co.'s (hereinafter referred to as GE Co.) time to file its objections to the filing of the amended complaint.  Consequently, defendant GE Co. has brought this oversight to the Court's attention and seeks reconsideration of the Court's order of August 19, 2010 allowing the plaintiffs to amend their complaint by adding non-diverse defendant Herb Gordon

Appliance Co. Presently before the Court are the plaintiffs' motion to remand [6], defendant GE Co.'s motion for reconsideration [12], filed August 26, 2010, and defendant GE Co.'s motion for more definite statement [18], filed September 3, 2010. The parties have filed extensive responsive pleadings to the pending motions.

The Court has carefully reviewed the parties' motions, their memorandum in support, the responsive pleadings, and relevant caselaw. For the reasons stated below, the Court will allow the amended complaint to stand, and will grant the motion to remand; thus, making the motion for more definite statement moot.

A civil action brought in state court may be removed to federal court where the federal district court has original jurisdiction. 28 U.S.C. §1441(a). District courts have original jurisdiction in those cases wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs; and, the citizenship of each plaintiff is diverse from the citizenship of each defendant ("complete diversity"). 28 U.S.C. §1332; 28 U.S.C. §1441(b). Thus, if complete diversity is lacking, a cause of action is removable.

A plaintiff cannot defeat diversity jurisdiction by collusive or fraudulent joinder of a resident defendant. Anderson v. Home Ins., 724 F.2d. 82, 83-4 (8th Cir. 1983); Commercial Savings Bank v. Commercial Federal Bank, et. al., 939 F.Supp. 674, 680 (N.D.Iowa 1996). The party asserting fraudulent joinder has the burden of proving the alleged fraud. Filla v. Norfolk Southern Railway Co., et. al., 336 F.3d. 806, 809 (8th Cir. 2003); Wiles v. Capitol Indemnity Corp., 280 F.3d. 868, 871 (8th Cir. 2002). After acknowledging the "semantic confusion" among the district courts in this circuit, the Eighth Circuit has formulated the applicable standard for deducing whether joinder is fraudulent. "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." Filla, at 810. "`[I]t is well

established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.'" <u>Filla</u>, at 810 *quoting* <u>Iowa Public Service Co. v. Medicine Bow Coal Co.</u>, 556 F.2d. 400, 406 (8th Cir. 1977). "However, if there is a `colorable' cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder." <u>Filla</u>, at 810; *see also*, <u>Wilkenson v. Shackelford</u>, 478 F.3d. 957 (8th Cir. 2007) and <u>Menz v. New Holland North America, Inc.</u>, 440 F.3d. 1002 (8th Cir. 2006). The Eighth Circuit believed that it was paramount that any review of the issue of fraudulent joinder focus on the concept of "reason" - that if a reasonable basis in fact and law supporting the claim existed, the joinder was not fraudulent. <u>Filla</u>, at 810; <u>Wilkenson</u>, *supra.* (affirming the <u>Filla</u> reasonableness standard); <u>Menz</u>, *supra.* (affirming the <u>Filla</u> reasonableness standard).

Furthermore, the Eighth Circuit opined that "[t]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." <u>Id.</u>, at 811. "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." <u>Id.</u>, at 811. Mindful that the district could is only to make a "prediction", the <u>Filla</u> Court went on to state that "in its review of a fraudulent-joinder claim, the court has no responsibility to *definitively* settle the ambiguous question of state law." The district court is directed to "simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." <u>Id.</u>, at 811. Finally, "in situations where the sufficiency of the complaint against the non-diverse defendant is questionable, `the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand

but simply to remand the case and leave the question for the state courts to decide." Id., at 811 *quoting* Iowa Public Service Co., at 406.

Defendant GE Co. argues that plaintiff is attempting to join defendant Herb Gordon Appliance Co. in this action in order to fraudulently defeat federal jurisdiction. GE argues that plaintiffs do not have an arguable basis for asserting any claims against Herb Gordon Appliance Co. because Missouri's "innocent seller" statute, §537.762 R.S.Mo. precludes the plaintiffs' claims against Herb Gordon Appliance Co. GE asserts that Herb Gordon Appliance Co. "will most certainly escape liability as an innocent seller in the stream of commerce pursuant to §537.762 R.S.Mo." Defendant's Suggestions in Opposition [14], pg. 4.

"Section 537.762 provides that a defendant, whose liability is based solely on his status as a seller in the stream of commerce, may be dismissed from a product liability claim if another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claims." Malone v. Schapun, Inc., 965 S.W.2d 177, 181 (Mo.App. 1997); *see*, Fahy v. Taser International, Inc., 2010 WL 559249, *2, n. 3 (E.D.Mo. 2010)(*citing* Malone); §537.762(1) and (2) R.S.Mo. Defendant GE essentially argues that this Court should disallow the amending of the complaint (and thereby defeat the plaintiffs' basis for remand) because Herb Gordon Appliance may be dismissed out pursuant to §537.762. Missouri's "innocent seller" statute, §537.762, does not affect a defendant's potential liability to a plaintiff at the pleadings stage but rather it simply provides an affirmative defense. Dorsey v. Sekisui America Corp., 79 F.Supp.2d 1089, 1091 (E.D.Mo. 1999); Fahy, *supra*. Missouri courts have made it clear that §537.762 does not change the substantive law relating to an innocent seller's liability and a seller in the stream of commerce is still subject to liability under the doctrine of strict liability. Dorsey, at 1091 *citing* Malone, *supra*; Malone, at 182; Fahy, *supra*. Missouri

4

statute §537.762 is simply a procedural mechanism by which an "innocent seller" can petition the state court for dismissal from a cause of action.  Dorsey, at 1091; Malone, at 182.  As a procedural rule, rather than a substantive rule, §537.762 does not apply in federal court.  Drake v. North American Phillips Corp., 204 F.Supp.2d. 1204, 1206 (E.D.Mo. 2002); Pender v. Bell Asbestos Mines L.T.D., 46 F.Supp.2d. 937, 939 (E.D.Mo. 1999)(*citing* Pruett v. Goldline Laboratories, Inc., 751 F.Supp.1372 (W.D.Mo. 1990)); Stanger v. Smith & Nephew, Inc., 2005 WL 2333892, *1 (E.D.Mo. 2005); Henry v. Mylan Pharmaceuticals, Inc., 2005 WL 2101049, *5 (E.D.Mo. 2005).

Furthermore, even if Missouri's "innocent seller" defense did apply here, it has no effect on the parties for jurisdiction purposes.  Pursuant to §537.762(6), "[n]o order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced.  A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes."  Pursuant to §537.762(7) "an order of dismissal under this section shall be interlocutory until final disposition of plaintiff's claim by settlement or judgment and may be set aside for good cause shown at anytime prior to such disposition."  Thus, under §537.762, defendant Herb Gordon Appliance would still be considered a party to the case and would remain potentially liable to the plaintiffs under Missouri law. Dorsey, at 1092; Pender, at 940; Fahy, at *2; Moeller v. Ford Motor Co., 2008 WL 161905, *2-*3 (E.D.Mo. 2008).

Finally, although inartfully pleaded, plaintiffs are asserting claims other than strict liability; i.e. claims for negligence and breaches of express and implied warranty against both defendants. Thus, the plaintiffs are alleging that Herb Gordon Appliance is liable for more than its acts as a seller in the stream of commerce.

For the above-stated reasons, defendant GE has failed to show that there is no possibility that the plaintiffs would be able to state claims against Herb Gordon Appliance in state court. Therefore, defendant GE has failed to meet its burden to show that Herb Gordon Appliance, a resident defendant, has been fraudulent joined. Since diversity is lacking in this cause of action, same will be remanded to state court for further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that defendant GE Co.'s motion for reconsideration [12] be and is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant GE Co.'s motion to rescind {12} be and is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiffs' motion to remand [8] be and is **GRANTED.** This cause of action shall be **REMANDED** to the Circuit Court for the City of St. Louis. No further action shall be taken in this case.

**IT IS FINALLY ORDERED** that defendant GE Co.'s motion for more definite statement [18] be and is **DENIED AS MOOT.**

Dated this ___29th___ day of September, 2010.

_____

UNITED STATES DISTRICT JUDGE